**FILED**
**MAY - 7 2012**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VIKRAM BUDDHI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 12-0480 |
| ) | |
| UNITED STATES SECRET SERVICE ) | |
| AGENCY, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of mandamus. The Court will grant the application and dismiss the petition.

Between December 2005 and December 2009, "officers from United States Secret Service agency and the Office of U.S. Attorney for the Northern District of Indiana investigated and prosecuted the criminal case against the [petitioner] in *United States v. Vikram Buddhi*, No. 2:06 CR 63 (N.D. Indiana), for allegedly 'making threats against' G.W. Bush, Dick Cheney, Laura Bush, Lynne Cheney, and Donald Rumsfeld." Compl. ¶ 7. The petitioner "was convicted and sentenced on December 11, 2009," and his "prison sentence was completed on May 06, 2011." *Id.* ¶ 8. According to the petitioner, under 42 U.S.C. § 10607, the respondents were responsible for identifying the victims of the crimes he committed, and for determining that these victims actually "suffered direct physical, emotional, or pecuniary harm as a result of a crime." *Id.* ¶ 18 (quoting 42 U.S.C. § 10607(e)(2)).

The petitioner claims that the respondents "absolutely refused to perform [their] duty to assess harms, and arbitrarily and capriciously identified G.W. Bush, Dick Cheney, Laura Bush, Lynne Cheney, and Donald Rumsfeld as crime victims." *Id.* ¶ 19. The petitioner demands a writ of mandamus directing the respondents to perform this "ministerial duty . . . owed to [him] as a direct and proximate cause of Federal Rule of Criminal Procedure 32(d)(2)(B)'s requirement that a presentence report must contain 'information that assesses any financial, social, psychological, and medical impact on any victim." *Id.* ¶ 21.

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). Although the respondents, "[a]t the earliest opportunity after the detection of a crime . . . shall . . . identify the victim or victims of a crime," 42 U.S.C. § 10607(b)(1), they are "not required to do anything . . . in the absence of an ongoing criminal investigation." *Saum v. Widnall*, 912 F. Supp. 1384, 1396 (D. Colo. 1996). The petitioner already has been convicted; his presentence investigation report already has been submitted; he already has served his entire prison sentence. Because the petitioner cannot demonstrate a clear an indisputable right to mandamus relief, his petition must be denied. An Order accompanies this Memorandum Opinion.

DATE: April 30, 2012

_____
United States District Judge